EMRICH v. GOLDSTEIN et al.

(Supreme Court, Appellate Division, First Department. March 10, 1905.)

1. PARTNERSHIP—ACCOUNTING—COMPLAINT—SUFFICIENCY.

A complaint alleged that plaintiff and defendant formed a partnership to buy and sell land; that, pursuant thereto, plaintiff induced the owner of certain land to sell it to a person acting as a dummy for the firm, the consideration being a mortgage for part of the price, and the balance in cash, which was furnished by defendant under an agreement that it should be returned to him out of the profits before division thereof. It was further alleged that plaintiff afterward contracted to sell the property for some cash, a mortgage, and other real estate; that the contract was performed by the giving of a deed by the dummy; that this transaction was under the control of plaintiff and defendant; and that thereafter the land received in trade was conveyed, without plaintiff's con-

sent, to a third person, who acted for defendant, and who afterwards exchanged the land for still other land. This third person was also made a defendant, and a dissolution of the partnership, an accounting, the appointment of a receiver, and the sale of the firm property were demanded. *Held*, that the complaint did not state a cause of action against defendant partner; it not being alleged that he had title to or possession of any property in which plaintiff had an interest, that he realized any profits above the amount advanced by him, or that he had received the consideration for the conveyance made by the dummy to the other defendant.

2. SAME.

Neither did it state a cause of action against the other defendant; there being no allegation that he did not pay a valid consideration for the property conveyed to him by the dummy, and it being presumable, from the allegation that the title was under the control of the partners, that the dummy did receive a valid consideration.

3. SAME—PROOF.

On evidence showing that, on sale of the property purchased by the dummy, plaintiff received of the cash consideration $50 more than he was entitled to, and failing to show that the defendant partner had received any part of the mortgage taken as a part of that transaction, and also failing to show what consideration, if any, passed to the dummy from the other defendant when the transfer to him was made, or that the value of the premises then transferred exceeded the amount which the defendant partner testified the other defendant paid, plaintiff would not have been entitled to judgment, had the pleadings been amended to conform to the proof.

Appeal from Special Term, New York County.

Action by Joseph Emrich against Max Goldstein and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH- LIN, INGRAHAM, and LAUGHLIN, JJ.

Moses Feltenstein, for appellants.
George B. Hayes, for respondent.

McLAUGHLIN, J. This action was brought for an accounting of partnership affairs. The complaint alleged, in substance, that in April, 1902, the plaintiff and the defendant Goldstein entered into an agreement to buy and sell real estate in the city of New York, and to divide the profits derived therefrom; that in pursuance of this agreement the plaintiff induced the Dry Dock Savings Bank to sell certain real estate to one Samuels, who "acted as a dummy for the plaintiff and the defendant Goldstein," for the consideration of $15,500, which was paid by Samuels placing a mortgage upon the property for $15,000, and Goldstein advancing the balance, under an agreement that the same should be returned to him out of the profits thereafter made, before a division thereof; that thereafter the plaintiff entered into a contract to sell the property to one Schimeck for $900 cash, a mortgage for $1,100 on other real estate, and the title to No. 223 East Ninety-Seventh street; that the contract was subsequently performed by Samuels giving a deed; that thereafter, without the authority of the plaintiff, 223 East Ninety-Seventh street was conveyed to Hohenstein, who acted for the defendant Goldstein, and he then transferred the same to one Seiden in exchange for 335½ Rivington street; that plaintiff had asked for an

accounting, which had been refused; and judgment was demanded that the partnership be dissolved, a receiver appointed of the partnership property, and that the same be sold, and the proceeds thereof, after the payment of debts, divided between the parties according to their respective rights. Separate answers were interposed by Goldstein and Hohenstein, in which the former denied the material allegations of the complaint, and the latter such allegations, except that he admitted 223 East Ninety-Seventh street was conveyed to him, and that he subsequently conveyed the same to Seiden in exchange for 335½ Rivington street.

At the opening of the trial a motion was made by defendants' counsel to dismiss the complaint against the defendant Hohenstein upon the ground that it failed to state facts sufficient to constitute a cause of action against him. This motion was denied, and an exception taken, and then a similar motion made as to both defendants, which was also denied, and a similar exception taken.

I am of the opinion that both motions should have been granted. The complaint fails to state facts sufficient to constitute a cause of action against either defendant. As to the defendant Goldstein, there are no allegations contained in the complaint to the effect that he had title to or possession of any property in which the plaintiff has an interest—assuming that a partnership existed between them as alleged—or that he has realized profits over and above the $500 advanced in the purchase of the Dry Dock Savings Bank property, which, under the agreement, could, and in equity ought to, be divided. The title to this property was taken in the name of Samuels, and, in the absence of allegations to the contrary, the presumption is that the consideration paid passed to, and was received by, the holder of the record title. There is an allegation, however, to the effect that the transaction, including the payment of the cash, the receipt of the mortgage, and the title to 223 East Ninety-Seventh street, was "all under the control of the plaintiff and defendant Goldstein." If this allegation be true, it is difficult to see upon what theory plaintiff could call upon his copartner to account for this transaction, or how a judgment directing an accounting would give him any further or greater relief than he already has.

As to the defendant Hohenstein, even though he acted as the agent of the defendant Goldstein, there is no allegation that, when 223 East Ninety-Seventh street was conveyed by Samuels to him, he did not pay a valid consideration therefor. In the absence of an allegation to this effect, it must be assumed—the title being under the control of the plaintiff and Goldstein—that Samuels received a valid consideration; and, if he did, then Hohenstein acquired good title, and he could subsequently deal with the premises as he saw fit. The complaint alleges a partnership, but does not allege that it has any property which can or ought to be divided between the respective partners. Under the complaint as it now stands, Samuels has whatever profits have been made, and he is not a party to the action. The complaint was not amended at the trial, and if it had been—to conform to the proof—it would not have aided the plaintiff, because his proof is even more defective than the complaint. Referring to the transfer to Schimeck, the plaintiff himself testified that, of the $900 cash, he received $250, and

a check payable to his order for $250, which he gave to the defendant Goldstein. Under the allegations of the complaint, Goldstein was entitled to deduct $500—the amount advanced by him when the title to the property sold was acquired—and after such deduction it would seem there would only be $400 to divide; and, if plaintiff's testimony be true, he has received $50 more than he was then entitled to. It is true, he testified he did not get any part of the $1,100 mortgage; but it was nowhere made to appear that this mortgage was ever held by the defendant Goldstein, or that any part of it had been paid to him, nor was any proof whatever given by the plaintiff as to what the consideration was, if any, which passed between Hohenstein and Samuels when the latter transferred the title to 223 East Ninty-Seventh street. Plaintiff testified that he spoke to Goldstein about this transfer, and that Goldstein then said, "What have you got to do with it?" Goldstein testified that Hohenstein paid to Samuels $1;500 in cash, over and above a mortgage for $13,000 on the premises. If such sum were in fact paid, then the plaintiff, in order to attack the transfer, would have to prove that the value of the premises sold exceeded the amount which Hohenstein paid. At the conclusion of the trial, therefore, plaintiff was not entitled, upon the whole proof, to any relief, and the complaint should have been dismissed.

The judgment appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellants to abide the event.

VAN BRUNT, P. J., and INGRAHAM and HATCH, JJ., concur.
LAUGHLIN, J., concurs on first ground.